UNITED STATES DISTRICT COURT    FILED

DISTRICT OF CONNECTICUT    2019 FEB 15 P 12:48

US DISTRICT COURT
HARTFORD CT

RAYMOND McLAUGHLIN                     CASE:

v.                                                    3:19-CV 00228

CHRISTOPHER GUS
HENRY KOPEL
MICHAEL DRAGON
   IN THEIR INDIVIDUAL                 DATE: February 15, 2019
      CAPACITIES ONLY

## Complaint

### JURISDICTION AND VENUE

1.    THIS IS A "BIVENS" ACTION TO REDRESS COMMON-LAW TRESPASS by THE ABOVE-NAMED DEFENDANTS IN VIOLATION OF AMENDMENT IV TO THE UNITED STATES CONSTITUTION. THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. 1331 (FEDERAL QUESTION). PLAINTIFF RAYMOND McLAUGHLIN (HEREINAFTER "RAYMOND", "I", "ME", OR "MY") SEEKS DECLARATORY JUDGMENT; COMPENSATORY AND PUNITIVE DAMAGES AGAINST ALL DEFENDANTS.

2.    THE DISTRICT OF CONNECTICUT IS THE APPROPRIATE VENUE BECAUSE THIS IS WHERE THE EVENTS OCCURRED WHICH GIVE RISE TO THIS CLAIM.

### PLAINTIFF

1.

3.    I, RAYMOND, live on 45 HillTop Farms Lane, East Hartford, Connecticut.

## DEFENDANTS

4.    HENRY KOPEL, ("KOPEL"), AT ALL TIMES MENTIONED HEREIN, WAS AN UNITED STATES DISTRICT ATTORNEY IN THE DISTRICT OF CONNECTICUT AT 157 CHURCH STREET, 25th Floor, NEW HAVEN, CONNECTICUT 06510.

5.    MICHAEL DRAGON ("DRAGON"), AT ALL TIMES MENTIONED HEREIN, WAS AN INTERNAL REVENUE SERVICE AGENT AND/OR INVESTIGATOR AT 141 CHURCH STREET, NEW HAVEN, CONNECTICUT 06510.

6.    CHRISTOPHER GUS ("GUS"), AT ALL TIMES MENTIONED HEREIN, WAS AN UNITED STATES TREASURY AGENT AT 141 CHURCH STREET, NEW HAVEN, CONNECTICUT 06510.

## FACTS

7.    ON JANUARY 25, 1973, I ACQUIRED, AND HAVE BEEN IN, lAWFUl POSSESSION AND CONTROL OF MY PERSON AND POSSESS THE RIGHT TO EXCLUDE ALL OTHERS.

8.    ON OR ABOUT JUNE 7, 2017, KOPEL AUTHORIZED OR CAUSED THE AUTHORIZATION OF, AND/OR SIGNED OR CAUSED THE SIGNING OF AN UNAUTHORIZED WARRANT. KOPEL DID NOT HAVE JURISDICTION OF THE PERSON WHEN HE AUTHORIZED OR CAUSED THE AUTHORIZATION OF, AND/OR SIGNED OR CAUSED THE SIGNING OF THE UNAUTHORIZED WARRANT. THE WARRANT WAS UNAUTHORIZED BECAUSE I WAS IN lAWFUl POSSESSION AND CONTROL OF MY PERSON AND POSSESS THE RIGHT TO EXCLUDE KOPEL WHO DID NOT HAVE A LICENSE FROM ME TO INVADE OR INTRUDE UPON MY INDEFEASIBLE

2.

PERSONAL RIGHTS; UNDER COLOR OF FEDERAL LAW.

9. ON JUNE 8, 2017, WHILE IN LAWFUL POSSESSION AND CONTROL AND POSSESSING THE RIGHT TO EXCLUDE DRAGON AND GUS; THEY INVADED MY POSSESSORY INTEREST IN MY PERSON UNDER COLOR OF FEDERAL LAW. DRAGON AND GUS INVADED MY RIGHT TO LAWFUL POSSESSION AND CONTROL AND MY RIGHT TO EXCLUDE THEM by THEIR INTRUSION UPON ME AND MY POSSESSORY INTEREST IN MY PERSON DURING WHICH I WAS PROHIBITED by THE USE OF UNLAWFUL FORCE FROM EXERTING EXCLUSIVE CONTROL AND MY RIGHT TO EXCLUDE THEM.

10. DRAGON AND GUS, WITHOUT MY CONSENT, LICENSE OR AUTHORIZATION, TOOK CONTROL OF MY PERSON FOR APPROXIMATELY TEN (10) HOURS DURING WHICH I WAS TRANSPORTED FROM HARTFORD TO NEW HAVEN AND THEN BACK TO HARTFORD.

11. DRAGON, GUS AND KOPEL, PARTICIPATED IN THE UNLICENSE USE OF MY PERSON ABSENT BARGAINING WITH ME FOR THE RIGHT TO DO SO. TO DATE, THE COURT RECORD SHOWS NO JUSTIFICATION by LAW AND NO CAUSE OF ACTION UNDER THE COMMON-LAW FOR THEIR ACTIONS.

## Claims

12. I REALLEGE AND INCORPORATE PARAGRAPHS 7-11, AS A PART HEREOF.

13. BEING IN LAWFUL POSSESSION AND CONTROL OF MY PERSON AND POSSESSING THE RIGHT TO EXCLUDE KOPEL, DRAGON, AND GUS ("DEFENDANTS"); THEY UNDER COLOR OF FEDERAL LAW, COMMON-LAW TRESPASSED UPON MY INDEFEASIBLE PERSONAL RIGHTS WITHOUT A COMMON-LAW CAUSE OF ACTION.

14. THE DEFENDANTS SHOWED A CALLOUS INDIFFERENCE TO MY PERSONAL RIGHTS IN THAT THEY KNEW, OR SHOULD HAVE KNOWN, THAT THEIR ACTIONS WERE DEPRIVING ME OF MY INDEFEASIBLE PERSONAL RIGHT AND WAS LIKELY TO HURT ME. AS FEDERAL ACTORS, THE DEFENDANTS PURPOSEFULLY

3.

INJURED ME by committing common-law Trespass because They knew, or should have known, The law Governing Their conduct which is a fundamental part of Their Duties as Federal Actors and as such, The Defendants have a pattern of This misconduct of common-law Trespassing. Moreover, There is a Threat of This pattern of misconduct of common-law Trespass in The near Future.

15.     Defendants' actions violated my indefeasible personal rights which are never forfeited by conviction of some public offense. The Defendants' action violated The law of common-law Trespass and Amendment IV to The United States Constitution. Consequently, I suffered a De-Facto injury coupled with pain, suffering and emotional distress.

16.     Proof of my claim of common-law Trespass against Defendants is Case 3:17-CR-00129-MPS-1 (MPS).

## Relief Sought

17.     Wherefore, I respectfully move The court to enter Judgment:

18.     Declaring That The Defendants' actions herein described, violate my indefeasible personal rights which are protected by Amendment IV; and

19.     Granting me compensatory damages in The amount of Sixty Thousand ($60,000.00) Dollars against all Defendants, Jointly and Severally;

20.     Granting me punitive damages in The amount of Two Million Five Hundred Thousand ($2,500,000.00) Dollars against all Defendants, Jointly and Severally.

4.

21.    I SEEK A JURY TRIAL;

22.    I SEEK RECOVERY OF MY COSTS IN THIS SUIT, AND

23.    ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST AND PROPER.

DATE: FEBRUARY 15, 2019

RESPECTFULLY SUBMITTED,



RAYMOND McLAUGHLIN

VERIFICATION

I HAVE READ THIS COMPLAINT AND CERTIFY UNDER PENALTY OF PERJURY THAT ITS CONTENTS ARE TRUE AND CORRECT.

PLAINTIFF / VICTIM

RAYMOND McLAUGHLIN

5.