UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND McLAUGHLIN, | : | |
|     Plaintiff, | : | CASE NO. 3:19-CV-228 (MPS) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER GUS, et al., | : | |
|     Defendants. | : | May 1, 2019 |

**INITIAL REVIEW ORDER**

On February 15, 2019, the plaintiff, Raymond McLaughlin, a federal inmate currently confined at the Brooklyn Metropolitan Detention Center in New York City, filed a civil complaint *pro se* against three federal government officials: Assistant United States Attorney ("AUSA") Henry Kopel, Internal Revenue Services Agent Michael Dragon, and United States Treasury Agent Christopher Gus. ECF No. 1, ¶¶ 4-6. He claims that the defendants unlawfully arrested him and trespassed upon his person, in violation of the Fourth Amendment to the United States Constitution and common law. *Id.* The plaintiff seeks damages and declaratory relief. *Id.* For the following reasons, the complaint is dismissed.

I.    <u>Standard of Review</u>

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Factual Allegations

On June 7, 2017, AUSA Kopel "authorized" the plaintiff's arrest via a warrant. ECF No. 1, ¶ 8. The warrant was unlawful because the plaintiff "was in lawful possession and control of [his] person and possess[ed] the right to exclude Kopel who did not have a license from [the plaintiff] to invade or intrude upon [his] indefeasible personal rights." *Id.* On June 8, 2017, agents Dragon and Gus "invaded [his] right to lawful possession and control and [his] right to exclude them by their intrusion upon [him] and [his] possessory interest in [his] person during which [he] was prohibited by the use of unlawful force from exerting exclusive control and [his] right to exclude them." *Id.*, ¶ 9. The agents then detained the plaintiff for approximately ten hours and transferred him to two different state correctional facilities. *Id.*, ¶ 10. The agents "should have known that their actions were depriving [the plaintiff] of [his] indefeasible personal

2

right and w[ere] likely to hurt [him]." *Id.*, ¶ 14. They "purposefully injured [him] by committing common-law trespass . . . ." *Id.*

On July 23, 2018, the plaintiff was convicted in this Court for knowingly and willingly giving a false statement, in violation of 18 U.S.C. § 1001(a)(3). *USA v. McLaughlin*, No. 3:17-CR-129 (MPS), ECF Nos. 179, 256. The conviction stemmed from the plaintiff's June 2017 arrest following his making of false statements to the Internal Revenue Service in connection with an underlying civil case brought to foreclose his mortgage. *See* ECF No. 1, ¶ 16. The Court sentenced him to thirty months of incarceration and three years of supervised release. *McLaughlin*, No. 3:17-CR-129, ECF No. 256.

III. <u>Analysis</u>

The plaintiff claims that the defendants violated his Fourth Amendment protection against unreasonable searches and seizures and committed "common law trespass" by arresting him on June 7, 2017. ECF No. 1, ¶ 1. He brings this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes civil suits against federal officials in their individual capacities for violations of constitutional rights. *Id.*

The plaintiff brought a very similar action against the same three defendants in *McLaughlin v. United States*, No. 3:18-CV-2063 (MPS). In that case, the plaintiff claimed that the defendants unlawfully arrested and imprisoned him, in violation of his Fourth Amendment rights. *Id.*, ECF No. 1. The Court dismissed that case as a result of his federal conviction. *Id.*, ECF No. 9. Because the plaintiff has raised the same claims

3

in this case, his case is hereby dismissed for the same reasons articulated in *McLaughlin*, No. 3:18-CV-2063, ECF No. 9.

**ORDERS**

(1) The Fourth Amendment false arrest claim and common law trespass claims are dismissed with prejudice.

(2) The plaintiff has now filed two separate civil actions raising false arrest and common law trespass claims arising from the arrest that led to his conviction after a jury trial. He raised the same claims in his criminal case, which the Court rejected as frivolous. *See McLaughlin*, No. 3:17-CR-129, ECF No. 260. **The plaintiff is hereby warned that further frivolous filings in this case, other pending cases, or new civil actions in this Court pertaining to his arrest, criminal prosecution, and federal conviction, or to the underlying mortgage foreclosure case from which his false statements and arrest arose, may result in sanctions, including an injunction requiring him to obtain the Court's leave before filing any additional motions or requests in this case, his other pending cases, or any new cases filed in this district.** *See In re Martin Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.); *see also Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (stating that a district court may impose sanctions against litigants who abuse the judicial process). **This Order applies to all of the plaintiff's cases currently pending in this district**, including *McLaughlin*, No. 3:17-CR-129, *McLaughlin*, No. 3:18-CV-2063, *McLaughlin v. USA*, No. 3:18-CV-1888 (MPS), *McLaughlin v. USA*, No. 3:18-CV-1985 (JCH), *McLaughlin v. USA*, No.

3:19-CV-51 (MPS), *McLaughlin v. CityFinancial Auto*, No. 3:09-CV-1844 (MRK), and *USA v. McLaughlin*, No. 3:17-MJ-1066 (JGM), **and any new case not yet filed pertaining to his mortgage, arrest, prosecution, or conviction.**

(3) The clerk is directed to change the plaintiff's address in this case to Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232 and mail one copy of this Order to the plaintiff at that address.

It is so ordered.

Dated at Hartford, Connecticut this 1st day of May 2019.

                                         /s/ MICHAEL P. SHEA\_\_\_\_\_
                                         Michael P. Shea
                                         United States District Judge